## In the Matter of the Guardianship Account of JAMES KEARNES, former Guardian of the minor Children of WILLIAM MILLER, deceased.

### APPEAL.

Though a guardian might, in a proper case, be authorized by the Orphans' Court to add a new part to his ward's mansion, yet if he assume an authority to do so in the first instance, it will not be subsequently sanctioned.

THIS was an appeal from the decree of the Orphans' Court of Alleghany county by Eli Frew, guardian of the minor children of William Miller, deceased.

The facts of the case are these:

William Miller, the father of said minors, died seised of a tract of land containing about twelve acres, situate near the city of Pittsburgh, on the Washington turnpike-road. At the time of his decease there was on the premises a good stone dwelling-house, forty-eight feet long and twenty feet wide, two stories high; also a stone back-building sufficiently large for a dining-room and kitchen, the whole well furnished. There

was also a good barn and other necessary improvements on the tract. The late guardian, James Kearnes, to make the house suitable for a tavern, erected an addition to it sufficiently large to make another dining-room and some chambers. He himself kept it as a public house from the fall of 1835 until the spring of 1839. In his guardianship account he claimed a credit of $474 85, the cost of erecting this new building. The account was referred to auditors, who struck from the account this credit; to this the attorney for accountant excepted, the court sustained the exception, set aside the report of the auditors, and reinstated the credit. To this decree of the court, Frew, the present guardian, excepted and entered this appeal.

*Hampton*, for plaintiff in error.
*Woods*, contrà.

PER CURIAM. By a liberal interpretation of the act of the 16th of June, 1836, the judge was perhaps right in thinking that an additional part might have been properly put to the mansion-house in order to fit it for a tavern; but he was wrong in holding that an assumption of authority to do so might be subsequently sanctioned. Power to convert a ward's estate ought not to be assumed in any case; and to sanction it under any circumstances, would encourage guardians to act independently of the court. Besides, in a hard case, a judge would be disposed to sanction what he would not have authorized. But though the expense of the building is to be struck out of the account, the guardian is to be credited with the difference between the actual rent, and what would have been received if the improvement had not been made. The account, when corrected in these particulars, is to be confirmed. Decreed accordingly.