# Foster's Estate.

*Decedents' estates—Professional services—Attorney-at-law.*

A claim of an attorney-at-law for services to an estate of a decedent whose widow has elected to take against the will, will be allowed, notwithstanding the objection of the widow, where it appears that the services were rendered in safeguarding the estate for those entitled to it, and that testator had directed that claimant should be employed as counsel for the estate.

Argued March 9, 1916. Appeal, No. 25, March T., 1916, by Mary J. Foster, from decree of O. C. Luzerne Co., dismissing exceptions to adjudication in Estate of Charles D. Foster, deceased. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*G. J. Clark,* for appellant, cited: Mumper's App., 3 W. & S. 441; Rankin's Est., 9 W. N. C. 407.

*John McGahren,* for appellee, cited: Yerkes' App., 99 Pa. 401; Geddi's App., 9 Watts 284; Alexander's Est., 211 Pa. 124; Titlow's Est., 163 Pa. 35; Hoffman's Est., 19 Pa. Superior Ct. 70; Scott's App., 9 W. & S. 98; Biddle's App., 83 Pa. 340; Fox v. Weckerly, 1 Philadelphia 320.

OPINION BY WILLIAMS, J., May 8, 1916:

A claim for professional services was presented to the court below. The testator had directed that the claimant should be employed as counsel for the estate. Evidence as to the character and quantity of the services rendered, and the value thereof, was received.

No testimony of any kind was offered to contradict that presented by the claimant.

The claim was allowed, against the objection of the widow of the testator, who had elected to take against the will.

The peculiar facts in this case concerning the abstraction of the will of the testator and its subsequent return in a mutilated condition—the efforts of the widow to defeat the expressed will of her husband—as well as the character of the services rendered, which ultimately resulted in the safeguarding of the estate for the benefit of those entitled to it, bring this case clearly within the exceptions referred to in Titlow's App., 163 Pa. 35; Alexander's Est., 211 Pa. 124, and Hoffman's Est., 19 Pa. Superior Ct. 70.

The facts were found upon competent evidence. There is no error in the record.

The appeal is dismissed.