# Gianakaris *v.* Hines, Director General, Appellant.

*Negligence—Railroads—Crossings—"Stop, look and listen"—Death—Evidence.*

1. In an action for death at a grade crossing where there were two tracks, judgment for plaintiff will be sustained where the jury was warranted in finding that plaintiff stopped, looked and listened at the second track, which was the one on which he was killed.

*Practice, C. P.—Trial—Charge—Request for instructions—Appeals—Assignments of error.*

2. Where, at defendant's suggestion, the trial judge makes a change in his statement of facts to the jury, necessitating a different instruction as to the law, it is the duty of defendant's counsel to call the court's attention to the necessary change in instructions as to the law, and if he fails to do so, he cannot complain on appeal.

3. If, in such case, the instruction contained in the assignment is free from error, the appellate court cannot consider that part of the charge which is erroneous, if such part is not brought within an assignment of error.

*Practice, C. P.—Power of attorney—Suit by foreign widow—Negligence.*

4. An objection to the sufficiency of a warrant of attorney authorizing the institution of a suit on behalf of a foreign widow, should be raised before the trial.

5. The proper practice is to require counsel to file the warrant of attorney before the trial.

6. This practice prevails in any case where the authority of the plaintiff to prosecute the action is denied.

Argued October 25, 1921. Appeal, No. 47, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., April T., 1919, No. 227, on verdict for plaintiff, in case of Evanthia N. Gianakaris v. W. D. Hines, Director General of Railroads, operating the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband.   Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000.   Defendant appealed.

*Errors assigned* were (1) refusal of defendant's motion for judgment n. o. v., quoting record; (2) portion of charge referred to in opinion of Supreme Court, quoting it, and (3) admission in evidence under objection and exception of a power of attorney, quoting the bill of exceptions and power of attorney.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—The failure to carry out the requirements of the Act of April 27, 1876, P. L. 49, requiring a certificate of our consul, bar the admission of the power of attorney as in Griffith v. Black, 10 S. & R. 160.

*Lawrence B. Cook,* for appellee, cited, as to the right to bring the action without a power of attorney: Gosh v. Coal Co., 69 Pa. Superior Ct. 63.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

Deceased was employed by the American Zinc & Chemical Company; its plant was located a short distance from his home, on a hill, at the base of which, between the plant and the village of Slovan, two branches of defendant's road are operated,—Burgettstown and Langeloth,—separated by a space of about seventy-five feet, with a difference in elevation of some thirty feet. Employees of the chemical company, in going to work, were accustomed to follow a highway which leads from the main road, until they reached the Burgettstown branch, crossing it, they ascended the steps at the thirty-foot embankment, thence crossing the second track or Langeloth branch, two side tracks, and finally up the hill to the plant.

Early on the morning of January 16, 1918, deceased left his boarding house, taking the usual route to the plant. He was followed by two workmen. From their account, he approached the first track, crossed it, ascended the stairs, and was killed on the Langeloth branch. The place where he stopped, looked and listened was disputed,—whether at the first track, or Burgettstown branch, or the second, or Langeloth branch. It is important to remember the tracks are seventy-five feet apart, with the second thirty feet above the first. Defendant insists the evidence shows observation was made at the first or lower track, and there is much force in its contention, as the evidence treats the two branch lines as the first and second tracks. The plan, roughly drawn by plaintiff's witnesses, does not contradict this, though it shows no separation of the two lines, nor the difference in levels; it does show the Langeloth branch, the one where the death occurred, as the second track, and this could be so only by considering the Burgettstown branch as the first track. While there is some confusion in the evidence as to what deceased did, we are satisfied, from our examination of it, the jury would be warranted in finding he stopped, looked and listened at the track where he was killed, which would be the Langeloth branch.

Appellant complains of the instruction to the jury on the law applicable to the care necessary at a grade crossing. On the facts as narrated, the instruction was correct. When this statement of facts was later changed, at appellant's suggestion, necessitating a different instruction as to the law, appellant should have called the court's attention to the necessitated change in the instruction on the law as it related to the facts as restated. Opportunity would thus have been given to remedy the error. This was not done, and it is now too late to object. Moreover, the instruction contained in the assignment was not error, and that part of the charge making it error is not brought within any assignment.

The widow, living in Greece, instituted the action through an attorney-in-fact, under a power executed in that country. Objection was made to the right of the attorney to begin the suit. If the power was defectively executed, or for other reason the attorney-in-fact was not authorized to sue, the proper practice is to raise the question before trial. In a case somewhat similar, where plaintiff's right to sue was challenged by an affidavit of defense, we said: "Passing over the sufficiency of the affidavit to raise this question, an objection of this character is one that should be decided before the trial takes place. The parties should not be put to the inconvenience and annoyance of preparing for trial if the plaintiff's officers or counsel were not authorized to institute the litigation. [In such cases] the proper practice is to require counsel to file a warrant of attorney, and if the officers lack the necessary authority, the question can be decided before trial; the time of the court cannot then be unnecessarily taken up with the merits": Club Laundry & Cleaning Co. v. Murphy, 266 Pa. 183, 188. The Act of April 14, 1834, P. L. 354 (see Fisler v. Reach, 202 Pa. 74, 77), does not conflict with this rule, which should be treated in the nature of a plea in abatement; on the contrary, the terms of the act are clearly recognized and applied in an orderly manner. This practice prevails in any case where the authority of the plaintiff to prosecute the action is denied.

All the assignments are overruled and the judgment is affirmed.