## Dickinson's Estate.

*Trusts and trustees—Counsel fees—Liability of parties incidentally benefited by service of counsel.*

1. As a general rule, parties who have been incidentally benefited by the labors of counsel are not obliged to pay them in the absence of a contract.

2. A trustee should not take sides as between life-tenant and remaindermen.

3. Where a will of a decedent creates several separate trusts in three of which the trusts are contingent, and the contingent remaindermen in one trust employ counsel, who secure the allotment of some of a stock dividend to the principal, counsel for the active party cannot, in the absence of contract, claim compensation from the principal of all the trusts.

Exceptions to adjudication of Gest, J. O. C. Phila. Co., April T., 1901, No. 202.

From the record it appeared that Mahlon H. Dickinson died on March 23, 1900, leaving a will by which he created four separate trusts, in three of which the remaindermen were contingent. One of the trusts was for the benefit of George S. Dickinson and his wife, Margaret S. Dickinson, for life, with remainder to their children living at their death. Similar contingent

Dickinson's Estate.

funds were created for Ida N. Mauley, William A. Dickinson and Sallie A. Jefferies. Among the assets of the estate were 120 shares of the Fire Association of Philadelphia. In 1924, a stock dividend of 100 per cent. was declared on these shares, and the Orphans' Court awarded the whole of this stock dividend (120 shares) to the life-tenants. The remaindermen under the trust for George S. Dickinson and wife for life filed exceptions to this award, and, upon the exceptions being dismissed, appealed to the Supreme Court. The decree of the Orphans' Court was reversed and a portion of the stock dividend was awarded to principal.

On the second adjudication before Gest, J., Messrs. Weil and Moise, counsel for the remaindermen under the George S. Dickinson trust, claimed a counsel fee for services in securing an apportionment of a share of the dividend to all the trust estates. The Auditing Judge disallowed the claim, and Messrs. Weil and Moise filed exceptions to the adjudication.

*Albert L. Moise* and *Arthur E. Weil*, for exceptions.

*Palmer Watson*, for Real Estate Trust Company, trustee.

*Joseph H. Grubb, Jr.*, for Sallie A. Jefferies and William H. Dickinson.

VAN DUSEN, J., June 4, 1926.—Under the will of the decedent there were four separate trusts, in three of which the remaindermen were contingent. Upon the audit of accounts in all the trusts, a question arose of the apportionment of stock dividends. The contingent remaindermen in one trust employed counsel and eventually obtained the allotment of some of the stock dividend to principal. The remaindermen in the other trusts did not move, but the trustee, by leave of court, filed exceptions in order to preserve their rights, and they eventually shared the benefit of the victory of the active parties.

Counsel for the active parties now claim compensation from the principal of all the trusts. They recognize the general rule that parties who have benefited by the labors of counsel are not obliged to pay them in the absence of a contract. They argue, however, that it was the duty of the trustee in this case to act on behalf of contingent remaindermen who might not yet be in being, and that as counsel performed this duty for the trustee, though not at its request, compensation should be made.

Ordinarily, the trustee should not take sides as between life-tenant and remaindermen: Thompson's Estate, 262 Pa. 278. In Hoffman's Estate, 19 Pa. Superior Ct. 70, and in Waller's Estate, 62 Pa. Superior Ct. 332, it was held that the trustee of a spendthrift trust should defend it against the attacks of the beneficiary, because there was no one else to do so. In the present case, representatives of the remaindermen were in being who could defend the interest of the class, and if there was no one else, it would be for a guardian *ad litem* to do so.

Even if the trustee had a duty to defend the interests of the remaindermen, and this duty was performed voluntarily by the remaindermen, the trustee would not be obliged to compensate their counsel in the absence of contract. So far from there being any contract, there was not even a request made to the trustee to take the appeal. A trustee is not bound to take an appeal after the court *in banc* has passed upon the matter. This fund was never in jeopardy, the only question being one of apportionment; and all the facts and law necessary for consideration by the Auditing Judge were furnished by the trustee.

The exceptions are dismissed and the adjudication is confirmed absolutely.