## Katz's Estate

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ., and Marx, P. J., twenty-third judicial district.

594

*Isaac Hassler* and *Samuel R. Wurtman*, for exceptant.
*Maurice S. Strauss*, for executors, exceptants.

BOK, J., February 11, 1937.—We might spend fruitless time discussing whether a contract existed in this case. That is less a question than the right of a decedent to make a contract binding his executors to employ a lawyer of his own choosing to represent them.

Mr. Hassler was employed to draw a will and did so with considerable labor. The auditing judge evaluated this work and allowed him $400; this was a matter of discretion and we see no abuse of it. The estate's contention that Mr. Hassler's acceptance of $10 was an accord and satisfaction is wayward, for the evidence shows clearly that he took it on account, with no idea that it was payment in full. That Mr. Hassler accepted a nominal sum in mistaken reliance on future benefits does not argue the less that he expected to be paid for services actually rendered. The exceptions of accountants are dismissed.

Mr. Hassler endeavors to establish a continuing contract, part of it represented by work done before decedent died; he was to be compensated by the balance, which was to be fulfilled after decedent died by employment as counsel for the estate. We do not believe that a contract whereby a decedent employs an attorney to represent his estate is binding upon the executors. In this regard the executors do not stand wholly in decedent's shoes: their

rights and liabilities are not coterminous with his. They may be liable where he would not be, and they cannot deal with the estate with as full freedom as he could. They may not have the same confidence as decedent in the selected attorney, and should their lack of it be justified by events they may be held liable for his improper conduct. Confidence is of first importance in the relationship between client and attorney, and the estate may suffer from its absence.

Mr. Hassler stretches the law too far when he contends that a decedent may bind his estate as he pleases. We can think of many instances where he may not. There are, of course, many instances where his engagements bridge his death and bind his estate, as in White's Executors v. Commonwealth, 39 Pa. 167 (a contract of suretyship), Young Admx., v. Gongaware, 275 Pa. 285 (a contract for the redemption of stock), and Huffman v. Huffman, 311 Pa. 123 (an agreement to support decedent's minor children). It is quite conceivable that a contract between attorney and client to prosecute a particular case would not be determined by the client's death and that the attorney could insist on finishing the work and being paid the contract price by the estate. But we do not think that a man may validly contract his executors into a position where they may not choose their own attorney: an attorney does not represent the estate at all, but rather the executors individually.

We find no Pennsylvania case on the question. In Foster's Estate, 63 Pa. Superior Ct. 169, testator had directed that an attorney represent the estate, but the case did not turn upon his right to do so. Outside the State, however, there is compelling authority.

In Young v. Alexander, Exec., 84 Tenn. 108, it was held that an executor may ignore a provision in the will which appoints a particular attorney and may appoint other counsel at his discretion.

The subject is well reviewed in In re Wallach, 164 App. Div. 600, affirmed in 215 N. Y. 622, where testator

directed by will that his son be appointed attorney for the estate and be paid $2,000 a year for his services. The court quoted from In re Caldwell et al., 188 N. Y. 115, 121, as follows:

"The law of this state does not recognize any testamentary power to control executors in the choice of the attorneys or counsel who shall act for them in their representative capacity. They may incur a personal liability for the conduct of their lawyers, and hence they are beyond the control of their testator in making the selection. Such a provision, therefore, as this will contains in reference to the attorneys to be employed is to be regarded merely as expressive of a wish on the part of the testator which it is most proper for the executors to observe if it accords with their own judgment, but which otherwise they are not bound to regard."

In In re Ogier, 101 Cal. 381, the will also appointed an attorney, and the court said:

"And if the attorney employed should be derelict in his duty, and should receive and misappropriate funds of the estate, the executor would be liable therefor to the legatees under the will. This being so, it would seem to be neither reasonable nor right to hold that the executor of a will must necessarily accept the services of an attorney selected by the testator."

See also Highfield v. Bozio, etc., et al., 188 Cal. 727; Pickett's Will, 49 Ore. 127; and the English cases of Foster v. Elsley, 19 L. R. Ch. Div. 518; Shaw v. Lawless, 5 Clark & F. 129, 7 Eng. Repr. 353; and Finden v. Stephens, 2 Phill. Ch. 142, 41 Eng. Rept. 896.

While these cases deal with a provision in the will and not with a contract, it must follow that if an executor is not bound by the one, he is not bound by the other. The area of protection is not the rights of decedent or of the attorney, but the independent rights and potential liabilities of the executor as an individual.

The cases cited by Mr. Hassler refer to situations arising between clients in esse and their attorneys, as in

Williams v. Philadelphia, 208 Pa. 282, which is a different point entirely: such persons may freely contract and be bound by their actions inter se.

We may assume, arguendo, that Mr. Katz and Mr. Hassler concluded an agreement. What the measure of damages would be for such an agreement is anything but clear. Mr. Hassler has admittedly done no work for the estate, and we do not believe that the orphans' court may allow one of its officers to profit from an estate on the analogy of a breached commercial contract. A dead man's heirs should not be compelled to buy his attorney's grievance.

Mr. Hassler has been allowed what the auditing judge, discreet among all the circumstances of the case, has felt his actual services were worth. No other measure should be sought or resisted.

The exceptions are dismissed and the account is confirmed absolutely.