## Harvey v. Woodlawn Trust Company

*Lawrence M. Sebring*, for plaintiff.

*Craig & Rowley*, for defendant.

READER, P. J., July 6, 1939.—In the above-entitled case defendant, Woodlawn Trust Company, on May 18, 1939, presented its petition praying that a rule issue upon Lawrence M. Sebring, Esq., and Vincent R. Smith, Esq., to show cause why they should not file their warrant of attorney authorizing them to represent plaintiff, Edward Harvey. The præcipe for summons in the case was filed May 4, 1939. The petition avers in substance that Edward Harvey, plaintiff, on May 4, 1939, and for several days prior thereto, was suffering from pneumonia and other complications, and was unable, during said period, to transact any business, and further that during said period he was unconscious and that he died at some time on May 4, 1939. A rule having been issued upon the petition, an answer thereto was filed by the said Lawrence M. Sebring, Esq., and Vincent R. Smith, Esq.

The material averments of the answer are as follows:

"On March 27, 1939, there was listed for argument in the Supreme Court of Pennsylvania, sitting at Pittsburgh, Pa., the case of Aliquippa National Bank to the use of Woodlawn Trust Company, appellant, v. Edward Harvey, at No. 92 March term, 1939.

"The argument in the Supreme Court was an appeal by the Woodlawn Trust Company from a rule of the lower court, opening the judgment against Edward Harvey, upon which the action was based.

"It was the contention of Edward Harvey that the Woodlawn Trust Company had taken a note which said Edward Harvey had signed in favor of the Aliquippa National Bank and to which the Woodlawn Trust Company had no property rights, either real or apparent; had issued execution thereon and had advertised for sale all the real estate of said Edward Harvey, which had an approximate value of $300,000; that said illegal acts on the part of the Woodlawn Trust Company had ruined the credit of Edward Harvey; had ruined his health and caused him expense of actual money outlay in excess of $5,000, and that for such illegal abuse of process, he desired to enter a damage suit against the Woodlawn Trust Company in the sum of $100,000.

"Prior to March 27, 1939, Vincent R. Smith had requested of Edward Harvey the name of the attorney in Beaver County with whom the said Vincent R. Smith should be associated in the entry of the aforementioned damage suit against the Woodlawn Trust Company and in pursuance to said request, the said Edward Harvey had named Lawrence M. Sebring, attorney at law, Beaver, Pa., to be so associated.

"On March 27, 1939, respondent, Vincent R. Smith, and Edward Harvey were sitting together in the office of the Prothonotary of the Supreme Court at Pittsburgh, Pa., when Lawrence M. Sebring entered the room. Edward Harvey then stated: 'That is Mr. Sebring with whom I desire you to be associated in the trial of my damage suit against the Woodlawn Trust Company', and

then and there introduced Vincent R. Smith and George H. McWherter, co-counsel, to the said Lawrence M. Sebring.

"The right of action of Edward Harvey against the Woodlawn Trust Company was then discussed and Edward Harvey directed that the suit be entered by the counsel named.

"The counsel named advised that suit should not be entered until a decision was given by the Supreme Court of Pennsylvania in the case of Aliquippa National Bank, to the use of Woodlawn Trust Company v. Edward Harvey, which was being argued that day.

"On March 28, 1939, the Supreme Court of Pennsylvania affirmed the decision of the lower court in the case of the Aliquippa National Bank, to the use of Woodlawn Trust Company v. Edward Harvey.

"In the latter part of April 1939, Edward Harvey called at the office of Vincent R. Smith, Greensburg, Pa., and requested information as to whether or not the above-captioned suit had been entered against the Woodlawn Trust Company, and was advised that the suit would be entered in the near future.

"On May 3, 1939, Crystal Harvey, now widow and executrix of Edward Harvey, deceased, advised Vincent R. Smith that Edward Harvey was fatally ill; was unconscious and that his last inquiry had been as to whether or not 'Smith had entered suit against that . . . Woodlawn Trust Company'.

"On the morning of May 4, 1939, Vincent R. Smith telephoned Lawrence M. Sebring and directed him to enter the summons in trespass of the above caption."

The case was argued before the court upon the petition and answer, and is considered by us upon the basis of the facts set forth both in the petition and the answer: Gliwa et al. v. United States Steel Corp. et al., 322 Pa. 225.

The petition was filed under the provisions of the Act of April 14, 1834, P. L. 333, 17 PS §1632, et seq. The purpose of the act, is, of course, to protect parties against unauthorized actions of counsel in instituting actions or taking other steps in connection with actions instituted. The act has been resorted to by plaintiffs claiming the counsel purporting to act for them was unauthorized so to do. Such action may be necessary by a person named as plaintiff by an unauthorized attorney in order to avoid liability for costs: Gliwa et al. v. United States Steel Corp. et al., supra. The act may also be invoked by a defendant as relief against vexatious litigation instituted by a lawyer unauthorized by the person or persons named as plaintiff. It is probably true that in a great many instances attorneys are retained for the purpose of instituting actions without any warrant of attorney. Where a reasonable doubt exists as to the right of the lawyer to institute the proceeding he may properly be ruled to file his warrant of attorney, and may comply with the rule by filing a written authorization executed either before or after the institution of the action. We think it is clear that the action of the attorney in instituting the suit may be ratified by the plaintiff by an authority executed after the filing of the præcipe. This seems to us to be the effect of section 72 of the Act of 1834, supra.

In the instant case the præcipe was filed on May 4, 1939. Edward Harvey died on the same day. The petition now before us praying for the rule on plaintiff's attorneys to file their warrant of attorney was filed May 18, 1939. It is quite evident that no warrant of attorney could then be procured from Edward Harvey owing to his death. Yet, if the facts stated in the answer are true, as we assume, the action was brought by counsel in good faith and under authority given by plaintiff. It appears from the answer that Crystal Harvey, widow of Edward Harvey, is executrix of his last will and testament. We think the situation may be met by substituting her as plaintiff and filing an authority from her authorizing

Mr. Sebring and Mr. Smith to represent her in the prosecution of the action. If this course is taken, the rule to show cause will be discharged.