## Old Penn Tavern, Inc. *v.* Kubiak et al., Appellants.

230

·Argued ·June 13, 1962.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Francis T. Anderson,* with him *John Patrick Walsh,*
for appellants.

*Nicholas G. Petrella,* for appellee.

OPINION BY FLOOD, J., September 13, 1962:
The principal issue raised by this appeal is whether
a corporation which has elected to accept for itself the
benefit of a purchase of shares of its stock by corpo-
rate officers with corporate assets, including funds
borrowed by the corporation, may also recover from

the officers the interest and service charges incurred by it in connection with the transaction. The appeal also attacked the chancellor's finding that the defendant-officers intended to defraud the corporation and raises certain procedural objections.

1. The defendants, officers and stockholders of the plaintiff corporation, obligated it to pay interest and service charges totalling $4,725.42 in connection with a loan and used the proceeds, together with other corporate assets, to acquire in their own names the shares of stock of a former officer and his wife.

Paul H. Kratz, a minority stockholder, brought this action in equity in the name of the corporation seeking a decree directing the defendants to transfer the shares to the corporation and to repay to it the difference between the price paid for the shares and their par value, together with the interest and service charges incurred by the corporation in connection with the loan.

The defendants caused the stock to be transferred to the corporation as treasury stock before the hearing in the court below, and they offered evidence, rejected by the chancellor, that Kratz had expressly authorized them to acquire the shares for the corporation, that they never intended to acquire them for themselves, and that they had been assigned to them as individuals by mistake. There was no evidence that the price paid for the shares was excessive, and the chancellor expressly postponed a determination of the defendants' possible liability for any such excess pending the submission of further facts and figures. The chancellor also reserved jurisdiction to pass upon the request in the complaint that the defendant, Edward J. Kubiak, be removed as a director of the corporation. He ordered the defendants to repay to the corporation the interest and service charges paid by it in connection with the loan on the ground that these expenses had not been incurred for proper corporate purposes.

The plaintiff is a small, closely held corporation. All of its outstanding stock is now owned by Kratz, the complaining minority stockholder, and the defendants. The loan in question has been repaid and no rights of creditors are involved. There is considerable evidence, including testimony by a reputable attorney who represented the corporation at the time of the questioned transaction, that Kratz expressly authorized the defendants to acquire the shares in question and that they were assigned to the defendants as individuals by mistake. However, the chancellor found to the contrary and the proper disposition of this appeal does not require us to decide whether or not there is sufficient evidence to support his findings.

Assuming the defendants committed a breach of the fiduciary duty which they owed to the corporation by causing it to incur unauthorized expenses in connection with the loan and by misappropriating the proceeds to purchase the shares for themselves, the corporation had the option to reject or accept the transaction. 3 Fletcher, Cyclopedia of Corporations (1947 Revised Edition) §§1102, 1113-1114. See *Stopp's Estate,* 330 Pa. 493, 498, 199 A. 493, 495 (1938); Restatement (2d), Trusts, §210; 2 Scott on Trusts (Second Edition) §210.

If the minority stockholder, on behalf of the corporation, had elected to reject the transaction, he could have compelled the defendants to replace the corporate assets used in the purchase with interest, and to reimburse the corporation for the unauthorized expenses incurred in connection with the loan. Ibid. See Restatement (2d), Trusts, §§205(a), 207(1), 245(1). However, since the corporation was in a position to reject the transaction and recover the amount paid for the stock and the expenses incurred in the purchase, but the minority stockholder elected to have the corporation accept the transaction instead, he cannot compel the

defendants to pay the expenses incurred, even though such expenses originally were unauthorized. Restatement (2d), Trusts, §245(3) ; 3 Scott on Trusts (Second Edition) §245.2. In cases such as this the subsequent ratification by the corporation of what the fiduciary has done has the same effect as though it or the complaining minority shareholder had consented to the transaction in advance. 3 Scott on Trusts (Second Edition) §245.2.

While the interest and service charges are substantial in relation to the amount of the loan, there is no evidence that the corporation could have acquired the shares without borrowing this sum. The loan was obtained from the same lender and apparently on the same terms as the sum which the corporation originally borrowed to begin the operation of its restaurant and taproom business. There is no evidence that it could have borrowed the amount required from a different source at lesser rates. Under the circumstances the complaining minority shareholder cannot elect to have the corporation accept the benefit of the transaction without paying the reasonable and necessary expenses incidental to it, even though such expenses originally were unauthorized. In view of the adoption of the purchase by the corporation that portion of the decree which directs the repayment of the expenses incurred in connection with the purchase cannot stand.

Having elected to accept the transaction, the corporation's only possible claim must rest upon proof that the defendants committed a breach of fiduciary duty, not only in purchasing the property, but also in paying an excessive price for it: See Restatement (2d), Trusts, §210, comment b. Since there is no evidence of excessive price, and the chancellor expressly reserved jurisdiction of the suit for the purpose of determining whether or not the price paid was in fact excessive, the question whether or not the defendants

properly may be held liable for the excess, if any, is not before us on this appeal.

2. While the complaint itself discloses that the attorney for the minority stockholder had no authority to bring this suit in the name of the corporation, the cause proceeded to trial without objection by counsel who then represented the defendants. Under these circumstances the motion filed in this court by the defendants' present counsel to strike off the appearance previously entered for the plaintiff-corporation by the appellee's counsel is untimely and must be dismissed. *Gianakaris v. Hines*, 273 Pa. 21, 24, 116 A. 524 (1922). See *Gliwa v. United States Steel Corporation*, 322 Pa. 225, 185 A. 584 (1936); *Club Laundry & Cleaning Co. v. Murphy*, 266 Pa. 183, 109 A. 622 (1920).

There is no failure to join an indispensable party. Since the corporation is a party plaintiff all indispensable parties are before the court. "A proceeding in equity is a very pliable process, and provided all the necessary parties are before the court, so that the decree may be binding upon all, it matters little whether they appear as complainants or defendants." SHARSWOOD, P. J. in *Maisch v. Saving Fund*, 5 Phila. 30, 32 (1862). Any other procedural defects have been waived since they were not raised by preliminary objections, answer or reply: Pa. R. C. P. No. 1032.

The decree of the court below is modified by vacating paragraph one thereof, which orders the defendants to repay to the plaintiff-corporation the sum of $4,725.42, and the record is remanded for further proceedings not inconsistent with this opinion.