337 A.2d 834

## In re ESTATE of Annie Mae FISHER, Deceased.

### Appeal of Virginia McKEEVER.

Supreme Court of Pennsylvania.

Argued Dec. 5, 1974.

Decided May 19, 1975.

Allen L. Feingold, Philadelphia, for appellant.

Lloyd B. White, Jr., Philadelphia, for appellee, Oxford Consumer Discount Co. of North Philadelphia, Inc.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The question presented by this appeal is whether a personal creditor of the deceased trustee can reach trust

assets to satisfy its claim. The orphans' court held that the creditor could do so to a limited extent. We conclude that there was insufficient evidence to establish any right to reach the trust assets and therefore reverse.

In April, 1956, Annie Mae Fisher, the owner of certain residential premises in Philadelphia, executed a deed, which was duly recorded, conveying the premises to herself as trustee for the benefit of her daughter, Virginia McKeever, the appellant in this case. Mrs. Fisher reserved to herself the right to use and occupy the premises and to receive the rents and profits therefrom if she chose not to occupy it. Upon her death, the trust was to terminate and legal title was to vest in appellant. Mrs. Fisher, as trustee, was empowered to sell, lease, or mortgage the trust property.

On June 21, 1966, Mrs. Fisher obtained a personal loan from appellee, Oxford Consumer Discount Co., secured by certain household furniture. The principal amount of the loan was $2,543.27, which was paid out as follows:

| | |
|---|---|
| Preferred Consumer Discount Co. | $1,442.12 |
| Household Finance Corp. | 252.06 |
| Girard Trust Co. | 225.00 |
| Net Cash to Borrower | 624.09 |

After the addition of interest, credit insurance premiums, and certain miscellaneous fees, the total indebtedness amounted to $4,224.00, which Mrs. Fisher agreed to pay in 48 monthly installments of $88.00. As a result of health and employment problems, Mrs. Fisher soon began to fall behind in her payments, frequently skipping them or making only partial payments. On April 19, 1972, when Mrs. Fisher died, an unpaid balance of $1,910.15 remained. Appellee further claimed $1,374.35 in accumulated late charges, bringing its total claim to $3,284.50.

This proceeding was commenced when the executor of Mrs. Fisher's will filed a first and final account showing that the estate was inadequate to pay the funeral expenses and costs of administration. Appellee objected to the account contending that either (1) the attempt to create a trust was invalid, so that the purported trust estate was still part of the decedent's estate and subject to its claim or (2) even if the trust were valid, appellee could nevertheless satisfy its claim out of trust assets. After hearing evidence, the orphans' court held the trust invalid and allowed appellee's claim in full. Appellant filed exceptions asserting the validity of the trust and, on that basis, the immunity of the trust assets to appellee's claim against Mrs. Fisher. In ruling on the exceptions, the orphans' court reversed its initial decree and held that the trust was valid,[1] but that appellee was entitled to reach the trust assets to the extent that decedent was entitled to exoneration out of the trust estate, an amount it fixed at $1,919.18.[2] This appeal followed[3] challenging the right of appellee to reach any of the trust assets.

The sole basis for the contention that appellee can reach trust assets is section 268 of the Restatement (Second) of Trusts, which provides:

"If a person to whom the trustee has become personally liable in the course of the administration of the trust cannot obtain satisfaction of his claim out of the trustee's individual property, he can by a proceeding in equity reach trust property and apply it to the satisfaction of his claim to the extent to which the trustee is entitled to exoneration out of the trust estate."

1. This portion of the decree is not challenged here.

2. While the orphans' court failed to explain how this figure was calculated, it is the sum of the payments made to Preferred Consumer Discount Co., Household Finance Corp., and Girard Trust Co. at the time the loan was extended.

3. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 202(2), 17 P.S. § 211.202(2) (Supp.1974).

Accord, A. Scott, Law of Trusts §§ 268–268.4 (3rd ed. 1967); see G. G. Bogert & G. T. Bogert, Law of Trusts and Trustees § 716 (2d ed. 1960). We agree that this is a correct statement of the law, see *Appeal of Price*, 116 Pa. 410, 9 A. 856 (1887), but the issue before us is whether appellee has established any right to recover on this theory. We conclude that it has not.

The theory on which appellee predicates its right to recover allows a creditor, in certain circumstances, to step into the shoes of the trustee for the purpose of asserting the trustee's right to exoneration out of the trust estate. Restatement (Second) of Trusts § 268 & comment a (1959); Scott, supra. The fatal deficiency of appellee's case here is a failure to establish any right of the trustee to exoneration.

The circumstances in which a trustee is entitled to exoneration out of the trust estate are set forth in the Restatement:

> "The trustee is entitled to indemnity out of the trust estate for expenses properly incurred by him in the administration of the trust."

Restatement (Second) of Trusts § 244 (1959).[4]

> "(1) Except as stated in Subsections (2) and (3), the trustee is not entitled to indemnity out of the trust estate for expenses not properly incurred by him in the administration of the trust.

> "(2) Although an expense is not properly incurred in the administration of the trust, the trustee is entitled to indemnity out of the trust estate for such expense to the extent that he has thereby conferred a benefit

4. Accord, Scott, Law of Trusts §§ 244–244.4 (3 ed. 1967); see Wormley Estate, 359 Pa. 295, 59 A.2d 98 (1948); *Furst v. Armstrong*, 202 Pa. 348, 51 A. 996 (1902); *Merkel's Estate*, 154 Pa. 285, 26 A. 428 (1893); *Griffith's Estate*, 147 Pa. 274, 23 A. 556 (1892); *Kitchen's Estate*, 38 Pa. 322 (1861); *Dilworth's Lessee v. Sinderling*, 1 Binn. 487 (Pa.1808); *Waller's Estate*, 62 Pa.Super. 332 (1916); *Hoffman's Estate*, 19 Pa.Super. 70 (1902); G. G. Bogert & G. T. Bogert, Law of Trusts & Trustees § 718 (2d ed. 1960).

upon the trust estate, unless under the circumstances it is inequitable to allow him such indemnity.

"(3) Although an expense is not properly incurred in the administration of the trust, the trustee is entitled to indemnity out of the trust estate for the full amount of the expense, if the transaction in which the expense is incurred is of such a character that the beneficiary is in a position either to reject or accept it and he accepts it."

Id. § 245.[5]

■ The only evidence produced to show that Mrs. Fisher was entitled to exoneration out of the trust estate was a "real estate report" on the premises comprising the trust estate. That report, compiled at the time the loan to Mrs. Fisher was made, shows outstanding judgments in favor of (1) Preferred Consumer Discount Co. (Preferred) against Anna Mae Fisher, individually and as trustee, in the amount of $2,088 and (2) Household Finance Corp. (HFC) against Anna Mae Fisher and Virginia McKeever (the appellant here) in the amount of $260.50. While payments were made to Preferred and HFC from the proceeds of the loan made by appellee, the record is devoid of any evidence connecting the payments to the judgments noted in the report. Mrs. Fisher may well have had obligations to Preferred and HFC other than the ones reduced to judgment.[6] Thus, even assum-

---

5.  Accord, Scott, supra §§ 245–245.2. As to paragraph (1), see, e. g., Kline's Estate, 280 Pa. 41, 124 A. 280 (1924). As to paragraph (2), see Parry's Estate, 244 Pa. 93, 90 A. 443 (1914) (semble); Miller's Estate, 1 Pa. 326 (1845); Dilworth's Lessee v. Sinderling, 1 Binn. 487 (Pa.1808). As to paragraph (3), see Thaw's Estate, 252 Pa. 99, 97 A. 108 (1916); Old Penn Tavern, Inc. v. Kubiak, 199 Pa.Super. 229, 184 A.2d 140 (1962).

6.  The "real estate report" shows several other judgments against Mrs. Fisher in favor of finance companies. Moreover, a payment was made to Girard Trust Co., which was not among the judgment creditors. It is thus clear that Mrs. Fisher was a frequent borrower and not implausible that she might have obtained more than one loan from the same company (before developing the financial problems leading to her defaults).

ing that payment of those judgments would have entitled Mrs. Fisher to exoneration, this record is insufficient to establish any such right. Appellee's attempt to reach trust assets thus cannot succeed on this record.

The evidence being insufficient to sustain appellee's claim, the orphans' court ought to have disallowed it. The decree of the orphans' court is reversed and the case remanded for entry of a decree in accordance with this opinion. Each party pay own costs.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

The adjudication of the trial court sur the final account of the executor of the estate of Annie Mae Fisher, contains the following findings:

"On June 21, 1966, the Oxford Consumer Discount Company of North Philadelphia made a loan to Annie Mae Fisher in the amount of $4,224.00 repayable in 48 consecutive monthly installments. This loan was made to the decedent in her individual name and not as trustee even though the loan company, in its credit investigation, had knowledge that the property at issue was in her name as trustee. *The proceeds of the loan were used, in part, to remove judgments against the property filed by three other lending organizations in the total amount of $1,919.18.* These judgments were filed against Annie Mae Fisher as trustee and in one case against her as trustee and against Virginia McKeever as well." (Emphasis added.)

While the appellant took an exception to the court's conclusion that the assets of the trust could be reached by the Discount Company, she did not specifically except to the finding of fact above quoted that the loan proceeds were used to pay the judgment creditors and discharge the liens on the real estate which comprised the trust res, nor was this factual matter otherwise contested in the

proceedings below. This unchallenged finding should, therefore, be accepted on appeal. My disagreement with the majority opinion is that it disregards this precept and makes a contrary finding of its own. See *Estate of Banes*, 461 Pa. 203, 336 A.2d 248 (1975).

In my view, accordingly, under the applicable law (which is stated correctly in the opinion of the court), the appellees have established Mrs. Fisher's right to exoneration out of the trust assets and therefore their right to reach those assets to the extent of $1,919.18. I would therefore affirm the decree of the court below.