## Haefele *v.* Davis, Appellant.

Argued November 19, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Sidney G. Handler,* with him *Nelson A. Bryan, Elliot Bredhoff, Thomas Harris* and *Douglas, Handler & Rosenberg,* for appellants.

*Max Rosenn,* with him *Rosenn, Jenkins, Greenwald & Cardoni,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, January 3, 1955:

This is the third time this action in equity has been before us on appeal. It had its inception more than five years ago when the appellees sought to enjoin the appellants from interfering with their seniority and employment rights, and damages sustained by such interference. The interpretation and construction of contracts executed ten and eleven years ago between the appellees' employer, Vulcan Iron Works, and the appellant union was involved. After hearing on bill and answer, the chancellor dismissed the bill. On appeal this Court reversed and remanded the case for further proceedings (368 Pa. 23). Upon return of the record to the trial court, a further hearing was held and both parties were given an opportunity to present further testimony. Thereafter, on December 21, 1951, the chancellor filed an amended and supplemental adjudication and entered a decree nisi granting the prayer of the injunction and awarding damages. Ap-

pellants filed timely exceptions thereto that were considered and overruled by the court en banc. Nearly two months after the time allowed therefor, additional exceptions were filed to the decree nisi. No reasons were assigned for the delay in filing these exceptions, nor was any permission requested to file them nunc pro tunc and they were dismissed. On March 19, 1952 the court en banc made final the decree nisi of the chancellor. From this final decree an appeal was taken to this Court which affirmed the court below in a decision handed down February 13, 1953. A petition for reargument was denied. There was no application to the United States Supreme Court for certiorari.

Nearly a year after the judgment of this Court became final, appellants, on February 2, 1954, filed in the court below a petition for a rule upon appellees to show cause why the decree entered by it should not be opened and appellants permitted to offer new evidence for the alleged purpose of establishing that the Vulcan Iron Works was engaged in interstate commerce and that therefore the controversy was exclusively determinable by Federal tribunals, that a State court lacked jurisdiction and the decree entered was void and of no effect. The court refused the petition and thereupon the present appeal was taken.

On the last appeal to this Court (373 Pa. 34) the question of jurisdiction was set forth in the appellants' Statement of Questions Involved and was presented in their written brief and oral argument. We rejected the appellants' contention that the National Labor Relations Board or Federal Courts had exclusive jurisdiction of the controversy for the reason that the record did not justify a finding that interstate commerce was engaged in or affected by the operation of the Vulcan Iron Works. We said: ". . . In order to oust this Court of jurisdiction, particularly on the second

appeal of this case, appellants had the burden of establishing facts which would show the interstate character of the business involved. Since such facts do not appear in the record, there is no reason why this Court should at this point assume that it has no jurisdiction.".[1]

Recognizing the deficiency of their proof to make the matter one for a Federal tribunal, appellants sought by their belated proceeding in the court below to introduce "new evidence" that the Vulcan Iron Works was engaged in interstate commerce. It may be said in passing that the new evidence was not alleged to be after-discovered evidence, nor could it have been, for if the Vulcan Iron Works was engaged in interstate commerce, such fact was readily ascertainable and the means of proof available at the inception and throughout the course of the proceeding.[2]

Appellants contend that the question of jurisdiction of the subject matter may be raised at any time. This is true as a general principle but it may not, as here, be raised after the question has been presented, considered and finally determined on appeal. In *Paul v. Grimm*, 183 Pa. 326, 38 A. 1006, where a defendant attempted to raise the question of jurisdiction for the first time in the court below after judgment was en-

---

[1] In appellants' petition for reargument it was stated: "One of the controlling issues raised by the Appellants in the appeal in this case was the lack of jurisdiction of the state courts over the subject matter of this action. This point was determined by the majority of Your Honorable Court adversely to the position contended for by the said Appellants.".

[2] In the opinion of the court en banc, written by the chancellor who heard the case, it is stated: "During the period from October 4th, 1949, when the Bill was filed, until after the filing of the Amended Adjudication in December, 1951, no hint was made . . . that the Court lacked jurisdiction because said Company was engaged in interstate commerce.".

tered for the plaintiff by direction of the Supreme Court, Mr. Justice FELL, speaking for the Court, said: ". . . The case was ended in the common pleas by the entry of judgment in pursuance of the order of this Court, and could not be opened by that court for any purpose. The most liberal rule as to the time within which a question of jurisdiction may be raised would not sanction its being raised in that court after a final adjudication on review.". Here the question of jurisdiction was raised in this Court and determined. A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. See 3 Am. Jur., Appeal and Error, §1237, p. 733. Under any other rule, litigation would never cease, and finality and respect for orderly processes of law would be overcome by chaos and contempt. "One trial of an issue is enough. 'The principles of *res judicata* apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties.": *Treinies v. Sunshine Mining Co. et al.,* 308 U. S. 66; *Johnson v. Muelberger,* 340 U. S. 581.

The court below properly refused to entertain the appellants' petition and therefore the appeal is dismissed at the cost of appellants.

Mr. Justice MUSMANNO dissents.