336 A.2d 248

**In re ESTATE of J. Walter BANES,
Deceased.**

**Appeal of SHELL OIL CO.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1975.

Decided March 18, 1975.
Rehearing denied April 29, 1975.

204

Joseph E. Lastowka, Jr., Kassab, Cherry & Archbold, Media, for appellant.

Philip D. Weiss, Norristown, for appellee, Inez M. Banes, Trustee.

Jules Pearlstine, Larry J. Schwartz, Lansdale, for appellees, Robert C. Banes, Edward F. Banes and Helen B. Harclerode.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This appeal arises from the decree entered by the orphans' court on April 24, 1974, pursuant to our mandate in *Banes Estate*, 452 Pa. 388, 305 A.2d 723 (1973) (rehearing denied, June 25, 1973), directing that the conveyance to appellant be set aside. Appellant contends that the court erred in failing in its decree to provide for reimbursement of appellant upon reconveyance of the real estate. Appellant failed to raise in the orphans' court after the prior appeal the issue of its entitlement to reimbursement. It seeks to excuse this failure by alleging that it received no notice of the impending decree and thus had no opportunity to raise the issue.

However, it could have raised the issues of its reimbursement and alleged lack of notice by seeking some form of relief from the decree, of which it had almost immediate notice at the direction of the court. Appellant did not file exceptions or seek any other relief from the decree in the orphans' court but instead took an appeal to this Court. Having failed to properly present and preserve this issue in the orphans' court and give that court an opportunity to consider whether its decree should include reimbursement, appellant may not raise the issue on appeal. See Sup.Ct.O.C. Rules § 3, rule 1, & Pa.R.Civ. P. 1518; *Logan v. Cherrie*, 444 Pa. 555, 282 A.2d 236 (1971); see also *Glass v. Freeman*, 430 Pa. 21, 31, 240 A.2d 825, 831 (1968); *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974); cf. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Motion to quash the appeal denied and decree affirmed. Costs on appellant.

NIX, J., did not participate in the consideration or decision of this case.

**206**

POMEROY, J., filed a dissenting opinion in which EAGEN, J., joins.

POMEROY, Justice (dissenting).

The decree of the court below following remand on the prior appeal to this Court was in the form of a final decree, not a decree nisi. While it is true that, absent a contrary local rule, the equity rules apply in orphans' court division cases so as to make mandatory the filing of exceptions, the exceptions contemplated by Pa.R.C.P. 1518 are to decrees nisi. Section 7, Rule 1 of our Orphans' Court Rules provides that exceptions "shall be filed at such place and time, shall be in such form, copies thereof served and disposition made thereof as local rules shall prescribe." We have been furnished with no local rules of the Orphans' Court Division of the Court of Common Pleas of Montgomery County making provision for exceptions. Cf. *Sniderman Estate*, 450 Pa. 133, 299 A.2d 207 (1973). It is therefore unfair to require that appellant shall have filed exceptions to the apparently final decree below in order to preserve for appellate review its claim for reimbursement. Accordingly, I would remand the case for the filing of exceptions to the decree appealed from and for further proceedings in the court below.

EAGEN, J., joins in this opinion.