368 A.2d 1259

**ESTATE of Edith June STANLEY, Deceased.**

**Appeal of Jewell FRANCIS.**

Supreme Court of Pennsylvania.

Submitted Oct. 13, 1976.

Decided Jan. 28, 1977.

484

Arthur L. Gutkin, Philadelphia, for appellant.

Simon J. Denenberg, Philadelphia, for Cliftos Minggia.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

In March 1967, Edith June Stanley, the decedent, made her will in which she named Cliftos J. Minggia executor of her will and sole beneficiary of her estate. Following the decedent's death in 1972, a caveat to the probate of this will was filed by decedent's daughter, Jewell Francis, the appellant herein, averring, *inter alia,* lack of testamentary capacity and the exertion of undue influence. A hearing was held before the Register of Wills of Philadelphia County, and on April 26, 1973, a decree was entered dismissing the caveat and granting letters testamentary to Cliftos J. Minggia.

Appellant then appealed the Register's decree to the orphans' court division of the court of common pleas, where hearing was listed for January 13, 1975. On that date the contestant was present, but her counsel was not. The court refused to continue the matter, and the proponent, Minggia, presented testimony in support of the validity of the will; the contestant declined to offer any evidence or to participate in the hearing. Later the same day counsel for both parties met in chambers with the orphans' court judge at which time, according to the opinion later filed by the court in support of the decree appealed from it was agreed that appellant's case would rest upon the testimony of the psychiatric witness which Jewell Francis had previously presented to the Register of Wills. Thereafter, on February 27, 1975, the court entered a decree dismissing the appeal from probate, and this appeal followed.[1]

1. The appeal was originally filed in the Superior Court; on May 1, 1975, that court transferred the appeal to our Court. See Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.503(c) (Supp. 1976–77).

■ We are met at the threshold with a motion by appellee to quash the appeal for contestant's failure to file exceptions to the decree of the orphans' court within the fifteen days authorized by the rules of the Orphans' Court Division of the Court of Common Pleas of Philadelphia County. In *Sniderman's Estate*, 450 Pa. 133, 299 A.2d 207 (1973), we stated:

> "The Orphans' Court Act [now the Probate, Estates and Fiduciaries Code, Sections 725 and 792] defines as *not* final (and hence not appealable) an order or decree from which exceptions are *authorized* by rule of court. The rules prescribed by this Court leave the matter of exceptions to local court rules, and the rules of the lower court which heard this case clearly *authorize* exceptions from these orders. None having been taken, the appeals must be quashed." *Id.* at 137, 299 A.2d at 209. (Emphasis in original).

See also, *Estate of Strunk*, 467 Pa. 213, 355 A.2d 587 (1976). We cannot agree, however, that quashing the appeal is the appropriate disposition in this case, for the local rules in Philadelphia County provide that the decree of the orphans' court must become final:

> "[O]rders and decrees of a Hearing Judge entered upon appeal . . . from the Register *shall become absolute as of course,* unless written exceptions thereto are filed with the clerk within fifteen days from the entry thereof." Phila.O.C.Div.Rule 77.1(a) (Emphasis added).

The situation here presented is thus similar to that in *Estate of Rothermel*, 461 Pa. 1, 334 A.2d 603 (1975), wherein we declined to grant a motion to quash an appeal from an orphans' court decree which itself provided that it would become final at the expiration of ten days.

■ While we conclude that the decree below entered February 27, 1975, is thus an appealable final order, we nonetheless do not reach any of appellant's several as-

signments of error. Since no exceptions were taken, no issues were properly preserved for our review. *Rothermel, Id.; Estate of Banes*, 461 Pa. 203, 336 A.2d 248 (1975); Sup.Ct.O.C. Rules § 3, Rule 1; Pa.R.C.P. 1518; cf. *Estate of Miller*, 467 Pa. 193, 355 A.2d 577, 579 n. 3 (1976).

Motion to quash the appeal denied and decree affirmed; costs on appellant.