378 A.2d 855

**Estate of Claire M. McGROREY, late a minor,**

**Appeal of Claire M. McGROREY.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1977.

Decided Oct. 7, 1977.

John J. O'Brien, Jr., Elizabeth McKenna Iannelli, Philadelphia, for appellant.

M. Paul Smith, Norristown, for appellee, Continental Bank.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a final decree[1] of the Orphans' Court Division of the Court of Common Pleas of Montgomery County confirming the first and final account of the guardian of the estate of Claire M. McGrorey.[2] Appellant, Claire M. McGrorey, contends that appellee Continental Bank, guardian of her estate, should be surcharged for investment losses sustained by her estate. Appellee urges that none of appellant's issues have been preserved for appeal because appellant failed to file exceptions to the

1. The decree of the orphans' court was entered as an "adjudication confirmed Nisi" on December 31, 1975. No exceptions were filed and, pursuant to Montgomery County Orphans' Court rule 75.2, to be discussed infra, it became final as of course when no exceptions were filed within ten days after it was entered.

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1977).

orphans' court's nisi adjudication, as authorized by Montgomery County's orphans' court rules. We agree. Since all of the issues raised here by appellant could have been considered by the orphans' court on exceptions, and no exceptions were filed, the asserted issues have not been preserved for our review. Hence, we affirm.[3]

Rule 7.1 of the Supreme Court Orphans' Court Rules provides that exceptions be filed as local rules shall prescribe.[4] In the absence of a contrary local rule, exceptions to an adjudication of the orphans' court are authorized by Rule 1518 of the Pennsylvania Rules of Civil Procedure, which provides that any issues which could be raised on exceptions are waived if no exceptions are filed.[5]

Montgomery County has two rules relevant to when exceptions are authorized. Local rule 75.1 states:

"No exceptions shall be filed to orders or decrees entered in proceedings unless the right to except thereto is expressly conferred by act of assembly, by general rule, or by special order; and all decrees other than those to which

**3.** Appellees have filed a motion to quash based on appellant's failure to file exceptions and appellant's failure to comply with former Supreme Court Rule 44, which provided that an appellant must notify an appellee of evidence he does not intend to print in the record submitted to this Court. (Rule 44 was suspended, effective July 1, 1976, subsequent to the date this appeal was filed. For the present requirements concerning notice between the parties regarding the reproduced record, see Pa.R.A.P. 2154). Appellant's failure to file exceptions is not grounds for quashing the appeal because, pursuant to local rule, the adjudication became final as of course when no exceptions were filed. See n.1, supra; *Estate of Stanley,* 470 Pa. 483, 368 A.2d 1259 (1977); *Estate of Humphrey,* 470 Pa. 487, 368 A.2d 1261 (1977); *Estate of Banes,* 461 Pa. 203, 336 A.2d 248 (1975). Although we do not approve of appellant's failure to comply with Rule 44, appellee has not been prejudiced thereby. The motion to quash will be denied.

**4.** Rule 7.1 provides:
"Exceptions shall be filed at such place and time, shall be in such form, copies thereof served and disposition made thereof as local rules shall prescribe."

**5.** See Sup.Ct.O.C. Rule 3.1, which provides that pleading and practice in the orphans' court shall conform to pleading and practice in equity, in the absence of a contrary rule or order.

exceptions are so allowed to be taken, shall be final and definitive."

Local rule 75.2 provides:

"An adjudication shall be confirmed absolutely as of course, unless written exceptions thereto are filed with the clerk within ten (10) days after the date of the filing of the adjudication. However, such exceptions shall in no event raise questions which could have been but were not raised by objections to the account or by claims presented at the audit of the account."

Reading the two rules together, it is apparent that exceptions to the nisi adjudication were authorized in this case. The rules distinguish between orders and decrees, to which exceptions may not be filed unless the right to except is expressly conferred, and adjudications, to which exceptions are authorized within ten days of filing. Here, the decree of the orphans' court was expressly designated an "adjudication confirmed Nisi." A nisi adjudication, by its terms, cannot be a final order or decree as contemplated by rule 75.1.

Since the nisi adjudication was not a final order or decree, exceptions thereto were authorized pursuant to Pa.R.Civ.P. 1518 and Sup.Ct.O.C. Rule 3.1. When exceptions were not filed within ten days, the nisi adjudication became final pursuant to rule 75.2 and, therefore, appealable. However, all the issues now presented by appellant were raised in her objections to the account prior to the nisi adjudication and, therefore, could have been the subject of exceptions pursuant to rule 75.2. Having failed to file exceptions, as permitted by local rule, the issues here presented by appellant are deemed waived and may not be argued on appeal. Sup.Ct. O.C. Rule 3.1 & Pa.R.Civ.P. 1518; *Estate of Stanley*, 470 Pa. 483, 368 A.2d 1259 (1977); *Estate of Humphrey*, 470 Pa. 487, 368 A.2d 1261 (1977); *Estate of Banes*, 461 Pa. 203, 336 A.2d 248 (1975); *Estate of Rothermel*, 461 Pa. 1, 334 A.2d 603 (1975); *Logan v. Cherrie*, 444 Pa. 555, 282 A.2d 236 (1971).

Motion to quash the appeal denied and decree affirmed. Costs on appellant.

JONES, former C. J., did not participate in the consideration or decision of this case.