388 A.2d 319

**In re ESTATE of J. Walter BANES, Deceased.**

**Appeal of SHELL OIL COMPANY.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1978.

Decided June 6, 1978.

Rehearing Denied July 21, 1978.

Manderino, J., filed opinion in support of reversal in which Larsen, J., joined.

Joseph E. Lastowka, Jr., Glen Mills, Wm. C. Archbold, Jr., West Chester, for appellant.

Philip D. Weiss, Norristown, for appellee, Inez M. Banes.

Jules Pearlstine, Lansdale, for appellees, Edward F. Banes, Helen B. Harclerode, Robert C. Banes.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, MANDERINO and LARSEN, JJ.

## ORDER

PER CURIAM:

The Court being equally divided, the decree of the Orphans' Court is affirmed. Each party pay own costs.

NIX, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed an Opinion in Support of Affirmance in which O'BRIEN, J., joined.

EAGEN, C. J., would affirm the decree of the Orphans' Court.

MANDERINO, J., filed an Opinion in Support of Reversal in which LARSEN, J., joined.

POMEROY, J., would reverse the decree of the Orphans' Court.

## OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

Appellant, Shell Oil Company, seeks to carve out an unwarranted, special exception to the doctrine of res judicata and principles of waiver and finality, contending that the Orphans' Court Division of the Court of Common Pleas of Montgomery County erred in refusing to allow Shell Oil to

relitigate its claim of reimbursement for its reconveyance of property to the estate of J. Walter Banes, even though Shell Oil years ago had every opportunity to raise that claim in prior proceedings finally adjudicated by this Court in 1975 but failed to do so. I believe the orphans' court properly refused to vacate its decree or permit filing of exceptions and should be affirmed.

In *Estate of Banes,* 452 Pa. 388, 305 A.2d 723 (1973) (*Banes I*), the orphans' court in 1972 held that decedent's will authorized the trustee-executrix's sale of estate property to Shell Oil. Accordingly, the orphans' court never addressed Shell Oil's new matter requesting reimbursement in the event that the court found the conveyance unlawful. Concluding that the orphans' court erred in interpreting decedent's will, this Court in 1973 reversed the decree of the orphans' court and remanded for proceedings consistent with this opinion.

*Banes I* decided only the invalidity of conveyance to Shell Oil. The orphans' court was obliged to apply this "law of the case" in subsequent proceedings. *Commonwealth v. Romberger,* 474 Pa. 190, 378 A.2d 283 (1977); *Haefele v. Davis,* 380 Pa. 94, 110 A.2d 233 (1955); *In re Vacation of Melon St.,* 192 Pa. 331, 43 A. 1013 (1899); see James & Hazard, Civil Procedure § 11.5 (2d ed. 1977). As we stated in *Haefele v. Davis,* supra 380 Pa. at 98, 110 A.2d at 235:

"A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. . . . Under any other rule, litigation would never cease, and finality and respect for orderly process of law would be overcome by chaos and contempt."

Nothing in our mandate in *Banes I* in 1973 or in the doctrine of "law of the case," however, precluded Shell Oil from renewing its new matter of reimbursement in subsequent proceedings in the orphans' court. 5B C.J.S. Appeal and Error § 1989 (1958); see *Murosky v. Spaulding,* 402 Pa.

86, 166 A.2d 34 (1961). Despite knowledge of this Court's decision in 1973 in *Banes I* and of the orphans' court's decree in 1974 setting aside the conveyance and directing Shell Oil to reconvey the property to the estate, Shell Oil did nothing in the orphans' court to establish entitlement to reimbursement. Instead, on appeal to this Court, Shell Oil for the first time asserted entitlement to reimbursement.

This Court concluded:

"Having failed to properly present and preserve this issue in the orphans' court and give that court an opportunity to consider whether its decree should include reimbursement, [Shell Oil] may not raise the issue on appeal. See Sup.Ct. O.C.Rules § 3, rule 1, & Pa.R.Civ.P. 1518; *Logan v. Cherrie,* 444 Pa. 555, 282 A.2d 236 (1971); see also *Glass v. Freeman,* 430 Pa. 21, 31, 240 A.2d 825, 831 (1968); *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); cf. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974)."

*Estate of Banes,* 461 Pa. 203, 205, 336 A.2d 248, 248–49 (1975) (*Banes II*). We therefore affirmed the decree directing reconveyance. Just two months ago, we relied upon the principle forming the basis of decision in *Banes II. Estate of Tose,* —— Pa. ——, —— A.2d —— (filed March 23, 1978); accord, *Estate of McGrorey,* 474 Pa. 402, 378 A.2d 855 (1977); *Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975).

Shell Oil has now three years later attempted to revive its new matter of reimbursement by filing in the orphans' court a petition to vacate the orphans' court's 1974 decree ordering reconveyance or to permit filing of exceptions. Properly concluding our 1975 decision in *Banes II* precluded further litigation of Shell Oil's claim for reimbursements, the orphans' court in 1976 dismissed the petition.

The opinion of Mr. Justice Manderino, relying on *Banes II,* correctly concludes that the orphans' court in 1976 properly refused to vacate its 1974 decree affirmed in *Banes II* directing Shell Oil to reconvey the property. The opinion goes on to conclude, however, that the orphans' court erred in failing to treat Shell Oil's exceptions to the 1974 decree as

a request to renew its "outstanding claim [for reimbursement] contained under new matter in its original answer." I cannot agree. No matter how the opinion of Mr. Justice Manderino characterizes Shell Oil's claim for reimbursement, Shell Oil is simply seeking to relitigate a claim which this Court three years ago concluded had been waived because it was not presented to the orphans' court in the proceedings to reconvey.

Rules of res judicata give effect to the fundamental principle that "[a] party should not be allowed to relitigate a matter that he already had opportunity to litigate." James & Hazard, supra at § 11.2. Res judicata recognizes

"the fact that the purpose of a lawsuit is not only to do substantial justice but to bring an end to controversy. It is important that judgments of the court have stability and certainty. This is true not only so that the parties and others may rely on them in ordering their practical affairs (such as borrowing or lending money, or buying property), but also so that the moral force of court judgments will not be undermined."

Id. See *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 408 Pa. 169, 182 A.2d 682 (1962); *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 100 A.2d 595 (1953); Restatement of Judgments Ch. 1 (1942).

Shell Oil had every opportunity to seek affirmative relief from the reconveyance but failed to do so. Shell Oil's claim, which may have had a substantial effect on estate assets and the rights of creditors and beneficiaries, should therefore be precluded. See Restatement (Second) of Judgments § 56.1 (Tent.Draft No. 1, 1973); James & Hazard, supra at § 11.14; see also *Commonwealth ex rel. Bosher v. Malin,* 177 Pa.Super. 433, 110 A.2d 772 (1955) (failure to appeal support order precludes subsequent raising of defenses to questions of paternity, marriage, and necessity of support at time of order). Thus, in reaching a contrary conclusion, the opinion of Mr. Justice Manderino would allow an unprecedented fourth proceeding in the orphans' court and set the stage for a fourth appeal to this Court.

Shell Oil is not entitled to this special treatment allowing it to relitigate the same issue on and on. The orphans' court correctly ruled that the very issue raised in this third appeal was finally decided by this Court in *Banes II* in 1975 and dismissed Shell Oil's petition filed after this Court's decision in *Banes II.*

Nothing in our cases requires this Court extravagantly to spend so much of our scarce trial and appellate judicial resources on this unjustified relitigation, when so many litigants still wait outside the courtroom door for the opportunity to be heard once.

I would affirm the decree of the orphans' court.

O'BRIEN, J., joins in this Opinion in Support of Affirmance.

### OPINION IN SUPPORT OF REVERSAL

MANDERINO, Justice.

The decree of the trial court should be reversed because Shell Oil Company is arbitrarily being denied its day in court.

This appeal involves a matter which has been before this Court on two prior occasions. Only the facts necessary to decide this appeal are recited in this opinion. For a more complete history see *Banes Estate,* 452 Pa. 388, 305 A.2d 723 (1973) *(Banes I )*, and *Banes Estate,* 461 Pa. 203, 336 A.2d 248 (1975) *(Banes II ).*

In 1970, Inez Banes, trustee under the will of her deceased husband, J. Walter Banes, sold a piece of real estate, which was part of the property of the trust, to the Shell Oil Company. The sale was challenged by a remainder beneficiary of the trust who filed a petition to set aside the conveyance. Shell Oil Company filed an answer to the petition denying that there was any basis to set aside the conveyance. Shell's answer also contained new matter in which Shell requested, in the alternative, that the court consider its claim for damages which Shell alleged it would suffer if the conveyance were set aside.

The trial court denied the petition to set aside the conveyance and approved the trustee's sale of the property. The trial court therefore did not consider Shell's claim for damages.

On appeal, this Court held that the trial court erred in failing to set aside the conveyance (*Banes I*). In that decision, this Court did not have before it any decree of the trial court concerning Shell's claim for damages because that claim had not been addressed by the trial court since it had approved the sale. This Court's mandate in *Banes I* was:

> "Decree of the Orphans' Court approving the March, 1970, conveyance, is reversed and the record remanded for proceedings consistent with this opinion."

After a remand "for proceedings consistent with [this] opinion" several meetings, attended by the attorneys for all the parties involved in this litigation, were held at the request of the trial court. Lengthy discussions took place concerning a settlement. When settlement was not reached, the trial court requested the appellee to file a petition requesting reconveyance of the property. Such a petition was filed on April 23, 1974. On the next day, April 24, the trial court ordered a reconveyance of the property. No hearing was held on this petition and no further proceedings were scheduled concerning the pending alternate claim of Shell for damages requested in new matter in Shell's original answer filed in this case.

From the trial court's decree ordering a reconveyance of the property, Shell Oil Company appealed to this Court. In that appeal, Shell contended that the trial court erred in failing to consider whether Shell was entitled to damages. This Court affirmed the decree of the trial court ordering the reconveyance of the property. In doing so, we did not consider Shell's claim for damages because Shell "did not file exceptions or seek other relief from the decree" in the trial court. *Banes II*, 461 Pa. at 205, 336 A.2d at 248.

Following our affirmance in *Banes II* of the trial court's decree ordering Shell to reconvey the property to the trustee, Shell attempted to raise its damage claim in the trial

court by filing a petition asking the trial court to vacate its decree of April 24, 1974, which ordered Shell to reconvey the property to the trustee. In the alternative Shell asked the trial court to consider exceptions to that decree. Shell asked the trial court to treat a letter which Shell had sent to the trial court about six weeks after the April 24 decree as the equivalent of formal exceptions, or to permit a period of time for Shell to file formal exceptions. Following argument, Shell's petition was dismissed by the trial court. It is from that order that Shell now appeals.

In this appeal Shell contends that the trial court erred in dismissing its petition. I do not agree so far as the trial court's refusal to vacate its decree of April 24, 1974, is concerned because that decree carried out the mandate of this Court in *Banes I* and was affirmed by us in *Banes II*. In addition to requesting the vacating of that decree, however, Shell attempted to file exceptions to that decree. Since that decree was affirmed in *Banes II,* it could not be disturbed. To that extent I agree with the trial Court. On the other hand, it is clear that when this Court remanded this matter to the trial court for proceedings consistent with this Court's opinion in *Banes I,* Shell's claim for damages, which had not been disposed of in the trial court and which was not before us in *Banes I,* was still pending. In *Banes II* we refused to consider the matter because Shell did not file exceptions or seek other relief in the trial court before appealing to this Court.

After our decision in *Banes II* Shell did seek relief in the trial court and requested consideration of its outstanding claim for damages contained in its original pleading. In my view, Shell was entitled to its day in court on its claim.

It is true that Shell, in raising its claim in the trial court, did so through the procedure of filing exceptions. In raising the issue under the caption of exceptions, Shell incorrectly labeled the relief which it sought. Shell, however, should not be deprived of its day in court because it raised a proper issue under the wrong label. Since this Court mandated reconveyance and subsequently affirmed the decree ordering

reconveyance, that decree cannot be disturbed. It does not follow, however, that Shell is not entitled to have considered its alternate claim which has never been considered.

I would affirm the decree of the trial court refusing to vacate its decree of April 24, 1974. I would vacate the remaining portion of its decree and remand the matter to the trial court for a consideration of Shell's outstanding claim contained under new matter in its original answer.

LARSEN, J., joins in this opinion in support of reversal.