419 A.2d 1216

James F. DREW, Appellant,

v.

Charles LABER, Jr. and Township of Ridley.

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed April 25, 1980.

420

Dale A. Betty, Media, for appellant.

George J. McConchie, Media, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County which granted the Township of Ridley's Motion for New Trial. We reverse the order of the lower court and enter judgment on the verdict.

The procedural history of this case is as follows: Appellant, James Drew, while walking on a road in the Township of Ridley, was struck by an automobile and seriously injured. Appellant sued both the driver of the car, Charles Laber, and the Township of Ridley. After hearing all the evidence, the jury returned a verdict in favor of Drew against Ridley Township and Laber in the sum of $173,440.55. Thereafter, the township filed motions for judgment n.o.v. or, in the alternative, for a new trial. Following a hearing on the motions, the lower court judge struck part of the expert testimony presented by Drew which tended to establish the township's negligent construction and maintenance of the road, and granted the township's motion for judgment n.o.v. Having done so, the trial court did not reach the township's motion for a new trial. When we affirmed the trial court's order, Drew appealed to the Supreme Court, which reversed the lower court's order granting judgment n.o.v. in favor of Ridley Township and remanded the case for the disposition of the motions for new trial. *Drew v. Laber & Twp. of Ridley*, 477 Pa. 297, 383 A.2d 941 (1978). On remand, the lower court granted the township's motion for new trial on the basis that Drew's expert should not have been allowed to testify and that the township's requested point for charge [1] should have been granted. It is from this order that Drew has again appealed to our court.

On appeal, the issue presented for our review is whether the lower court abused its discretion or committed an error of law in granting the new trial on the basis of the reasons cited by that court. The general rule is that a new trial order will not be disturbed absent an abuse of discretion or an error of law by the trial judge. *Gilligan v. Shaw*, 441 Pa. 305, 272 A.2d 462 (1971); *Hussey v. May Dept. Stores, Inc.*, 238 Pa.Super. 431, 357 A.2d 635 (1976). In this case, we are

---

1. The township's requested point for charge was:
   "6. Except under unusual circumstances, there is certainly no particular 'peril' encountered by an adult person in walking into the roadway of a street .... *DeLuca v. Manchester Laundry and Dry Cleaning Co.*, 380 Pa. 484 at 489, 112 A.2d 372 (1955) at 375."

constrained to find that the law was not properly applied and, therefore, we must reverse.

In granting the township a new trial, the lower court stated that it improperly had allowed into evidence testimony of Drew's traffic engineering expert, Dr. James Schuster, which testimony unfairly prejudiced the township's defense. Appellant's major contention is that the Supreme Court, in its opinion reversing the judgment n.o.v., addressed the relevance and admissibility of Dr. Schuster's testimony, found it admissible and, thereby, precluded the court on remand from granting the township a new trial on that basis. Justice Larsen, in writing for the majority, stated:

> "Finally, it was not improper for the trial court to permit Dr. Schuster, an expert in the field of transportation engineering, to testify at the trial. Dr. Schuster testified that the section of Bullens Lane where the accident occurred was 'not properly maintained . . . consistent with good traffic engineering principles' and that at a minimum, Ridley Township should have placed signs along Bullens Lane warning motorists that pedestrians walked on the traffic lanes.
>
> Where the factual situation is such that normally lay persons (jurors) would not have the special or expert knowledge needed to comprehend and understand the problem, then expert testimony is appropriate. This case warranted such testimony; it was relevant to the factual issues of negligence and causation." *Drew v. Laber*, 477 Pa. at 302, 383 A.2d at 944.

Appellee, the Township of Ridley, and the lower court state that this language is dictum, not binding upon our court, since the issue of the admissibility of the traffic engineer's testimony was not properly before the Supreme Court in ruling upon the propriety of the judgment n.o.v. See *Pew Trust*, 411 Pa. 96, 191 A.2d 399 (1963). Both appellee's brief and the opinion of the lower court also comment that the issue of the admissibility of the traffic expert's testimony was not fully briefed before the Supreme Court and, therefore, could not have been fairly or completely reviewed by that court.

Based upon our independent review of the record, we cannot agree with the lower court or the township's argument. Initially, we note that the issues of the admissibility of Dr. Schuster's testimony was briefed before the Supreme Court, and the township presented a counter–argument in its brief as appellee. Justice Larsen's language definitely addressed the issue and disposed of it contrary to the holding of the lower court in this case. In such a situation, case law of our Commonwealth has stated that:

> " 'A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of reviewing court as to any matter decided on appeal. . . . Under any other rule, litigation would never cease, and finality and respect for the orderly process of [the] law would be overcome by chaos and contempt.' " *In re Estate of Banes*, 479 Pa. 264, 267, 388 A.2d 319, 320 (1978) *citing Haefele v. Davis*, 380 Pa. 94, 98, 110 A.2d 233, 235 (1955).

See also *Commonwealth v. Tick, Inc.*, 431 Pa. 420, 246 A.2d 424 (1968); *Blymiller v. Baccanti*, 236 Pa.Super. 211, 344 A.2d 680 (1975). Under these legal principles, the lower court, in the instant case, was without power to disregard the language of the Supreme Court concerning the admissibility of Dr. Schuster's testimony since the Supreme Court specifically addressed and decided this issue. The lower court's action violated these principles and, therefore, was error.

There are two further considerations that must be explored on this point. First we note that Justice Larsen, writing the lead opinion of the court, was only joined by one other justice as far as his holding that the judgment n.o.v. was improperly granted because the trial judge had stricken the expert's testimony and decided the motion for judgment n.o.v. on a diminished record. *Hershberger v. Hershberger*, 345 Pa. 439, 29 A.2d 95 (1942); *Kotlikoff v. Master*, 345 Pa. 258, 27 A.2d 35 (1942). Justice Pomeroy, joined by two other justices, filed a separate concurring opinion in which he agreed with Justice Larsen that the judgment n.o.v. should

have been vacated, but he reasoned that the negligence issue should be decided according to the principles set forth in *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973) (proximate causation where the negligence of intervening third parties is at issue). This separate concurring opinion indicated no disagreement with Justice Larsen's language concerning the admissibility of the expert's testimony. Indeed, the question of whether the driver's negligence was an intervening superceding cause was superfluous unless the township's negligence was adequately proved. Since the concurring opinion was silent on the method and sufficiency of the proof of the township's negligence, we conclude that a majority of the Supreme Court, or five justices, has agreed on the issue of the admissibility of Dr. Schuster's testimony. Therefore, the lower court committed an error of law by not applying this holding to motions for new trial in this case.[2]

The second point which requires clarification concerns the township's argument that the Supreme Court remanded the case to the lower court to dispose of the post–trial motions as opposed to entering judgment on the verdict. The township argues and the lower court opinion states, that this action indicates the Supreme Court did not mean to bind the lower court by its language, but gave it free reign to make its own decision on the post–trial motions. This view ignores that fact that there were other bases for the motion in support of a new trial that had not been specifically presented to the Supreme Court and were not relevant to the judgment notwithstanding the verdict. However, such was not the case regarding the admissibility of the expert's testimony which was decided by a majority of the Supreme Court and, therefore, not susceptible to review on remand. *Blymiller v. Baccanti*, supra.

Order of the lower court reversed and judgment entered on the jury verdict.

---

**2.** In any event, we note that if this issue were open for us to decide, in agreement with the principles set forth in Justice Larsen's opinion, we would find the expert testimony to have been properly admitted in this case.

WATKINS, J., files a concurring opinion.

HOFFMAN, J., files a dissenting opinion.

WATKINS, Judge, concurring:

I agree with Judge Cercone's analysis of the instant case with regard to his interpretation of the Supreme Court's opinion concerning the admissibility of Dr. James Schuster's testimony. As such I am constrained to join the opinion. However, I see a danger in permitting expert testimony with regard to situations which lie within the province of an ordinary layman. It appears to me that the question of whether warning signs should have been placed in a particular place along a township road is one which a layman could properly decide without the necessity of expert testimony.

HOFFMAN, Judge, dissenting:

The majority holds that the lower court committed an error of law by failing to follow statements contained in an opinion expressing the views of only two members of our Supreme Court. I dissent.

On a previous appeal of this negligence action, our Supreme Court reversed the order awarding judgment n.o.v. in favor of the defendant township and remanded for disposition of the township's motion for new trial. The Court filed three opinions. Mr. Justice LARSEN's opinion, joined by only one other Justice, was published as the lead opinion in the case. In that opinion, Justice LARSEN reviewed the record and determined that it contained sufficient evidence of the township's negligence in failing to provide protective measures for pedestrians on one of its roads. He concluded that the lower court had erred in disregarding certain expert testimony in the record when it ruled on the township's motion for judgment n.o.v. because such a motion must be considered in light of all the evidence of record. Having reached this conclusion, Justice LARSEN stated further that it was nonetheless proper for the trial court to admit into evidence the expert testimony of a traffic engineer regarding the safety of a township road.

Mr. Justice POMEROY, joined by two other Justices, filed a brief concurring opinion. He stated that he "agree[d] that the learned trial court erred in granting Ridley Township's motion for judgment *non obstante veredicto*, and thus also agree[d] that the judgment [had to] be vacated." *Drew v. Laber*, 477 Pa. 297, 303, 383 A.2d 937, 944 (1978). In reaching this conclusion, however, Justice POMEROY relied upon the reasoning set forth in *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973) (proximate causation where negligence of intervening third parties is at issue). Mr. Justice ROBERTS, joined by the Chief Justice, dissented on the ground that the township owed no duty to the plaintiff and, consequently, could not have been negligent.

Our Supreme Court has stated that an opinion of only two Justices of that Court "has no binding precedential value." *Commonwealth v. Little*, 432 Pa. 256, 260, 248 A.2d 32, 35 (1968). *See also Mt. Lebanon v. County Board of Elections*, 470 Pa. 317, 368 A.2d 648 (1977) (plurality opinion regarded as "non–decisional"); *Commonwealth v. Davenport*, 462 Pa. 543, 549 n.3, 342 A.2d 67, 75, n.3 (1975) (case not representing view of majority of Court is non–decisional). In the previous appeal of the instant case, only one other Justice joined Justice LARSEN's opinion. The concurring and dissenting opinions were silent on the issue of the admissibility of the expert testimony. President Judge CERCONE concludes, however, that the silence of the concurring Justices implied agreement with Justice LARSEN's statements regarding the admissibility of the expert testimony now in question. I disagree. The language of the concurring opinion unambiguously indicates agreement only with Justice LARSEN's conclusion that judgment n.o.v. was improperly granted. A finding that the expert testimony was properly admitted was not a necessary step in reaching that conclusion because the lower court was not permitted to exclude testimony properly or improperly admitted at trial in ruling on the motion for judgment n.o.v. Because the concurring Justices expressly adopted only the result of Justice LARSEN's opinion, and because the conclusion that the expert testimo-

ny had been properly admitted was not necessary to that result, I believe that only two Justices have expressed their view on the evidentiary issue. Consequently, I believe that on remand the lower court was not bound to adhere to Justice LARSEN's statements regarding the admissibility of the expert testimony.

Moreover, I believe that the lower court properly resolved the evidentiary issue in ruling on the township's motion for new trial. It is well–settled that

> [p]henomena and situations which are matters of common knowledge, may not be made the subject for expert testimony. In *Burton v. Horn & Hardart*, 371 Pa. 60, [88 A.2d 873], [our Supreme] Court said: "Expert testimony is inadmissible when the matter can be described to the jury and the condition evaluated by them without the assistance of one claiming to possess special knowledge upon the subject."

*Collins v. Zediker*, 421 Pa. 52, 53–54, 218 A.2d 776, 777 (1966).

At trial, the lower court admitted into evidence the opinion of a traffic and transportation engineer that the road in question was not properly maintained. The engineer testified that because it was so narrow, the road should, at a minimum, have had signs warning motorists that pedestrians walked on the roadway. In ruling on the township's motion for new trial, the lower court concluded that it had improperly admitted this testimony into evidence. I agree. The appropriate width of highways and the necessity of warning signs are matters within the knowledge and understanding of laypersons. These are not issues of such complexity as to require expert testimony in order for the jury to reach an informed decision. Additionally, admission of this evidence was not harmless because the testimony of the traffic engineer that the road was improperly maintained "could well have unduly influenced the jury in behalf of the side which called him, regardless of inherent merit involved." *Collins v. Zediker, supra*, 421 Pa. at 55, 218 A.2d at 778. Therefore, I would hold that the lower court did not abuse its discretion in awarding the township a new trial,

428

*Gilligan v. Shaw*, 441 Pa. 305, 307–08, 272 A.2d 462, 463–64 (1971), and, accordingly, would affirm the order of the court below.