532 A.2d 439

**In re ESTATE OF Robert I. MONTGOMERY, Deceased.**

**Appeal of Mary Ann MONTGOMERY.**

Superior Court of Pennsylvania.

Argued March 19, 1987.

Filed Oct. 5, 1987.

William J. Templin, Pittsburgh, for appellant.

Harry M. Montgomery, Jr., Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

ROWLEY, Judge:

This is an appeal from an order of the Allegheny County Court of Common Pleas, Orphans' Court Division, setting aside a deed from appellee, Emma Price, to decedent. Emma, an elderly widow, deeded her property in Butler County to her nephew, Robert I. Montgomery, who handled all of her financial matters. In the deed she reserved a life estate for herself. The same day that she signed the deed, she also executed her will and a general power of attorney to Mr. Montgomery. The nature of these legal documents was not explained to the appellee. From then until his death in 1985, decedent had complete control over appellee's fiscal and business affairs. Shortly before decedent's death, appellee learned, for the first time, that she had conveyed her home to him.

Asserting a confidential relationship and undue influence, Emma sought to have the deed set aside. First, she petitioned the Orphans' Court Division of the Allgheny County Court of Common Pleas (decedent had resided in Allegheny County) for a citation to be issued to decedent's widow to show cause why she should not appear before the Register of Wills and qualify as Executrix of decedent's estate. Decedent's widow, appellant, then filed decedent's Will with the Register of Wills and took out letters testamentary on the estate. The only property listed for distribution in the application for letters was the Butler County property that Emma had conveyed to decedent. Emma then formally filed her claim against the estate as well as a "Petition For Return Of Petitioner's Property Held In Trust By Decedent."

After a hearing on Emma's claim and Petition, the Orphans' Court filed its Opinion and Order setting aside the deed. This direct appeal followed. One issue is raised by appellant: whether the trial court erred in holding that upon a showing of a confidential relationship between grantor and grantee, the deceased grantee's estate had the burden of proving that the conveyance "was the result of a free, knowledgeable and voluntary act by" the grantor.

Before addressing the merits of this appeal, we are confronted with two procedural matters. First, we must determine whether the order appealed from is a final, appealable order. Second, in view of the fact that neither post-trial motions nor exceptions were filed, we must determine whether the issue raised has been properly preserved for our review. We find that this appeal is properly before us, but that appellant's failure to file exceptions to the trial court's order precludes our review on the merits.

This Court is vested with jurisdiction to hear "all appeals from final orders of the courts of common pleas...." 42 Pa.C.S. § 742. A final order is one which "either ends the litigation or disposes of the entire case." *Gray v. State Farm Ins. Co.*, 328 Pa.Super. 532, 537, 477 A.2d 868, 871 (1984) (citations omitted). Further, "[i]n determining what constitutes a final order we look to a practical rather than technical construction of the order." *Marron's Woodstove and Fireplace Center, Inc. v. Alaska Co., Inc.*, 326 Pa.Super. 471, 474, 474 A.2d 337, 338–39 (1984).

■ Applying these standards to the instant case, we conclude that the order appealed from is in fact final. First, the order resolved the dispute between Emma and appellant by setting aside the deed. Next, the only asset listed in the estate is the disputed Butler County property. This asset was removed from the estate when the deed was set aside. Because there are no other assets in the estate, the practical effect of the order is to end the probate proceeding. Thus, there is nothing left to be adjudicated in the orphans' court. Finally, the Allegheny County Orphans' Court rules provide that exceptions to a decree or order shall be filed within ten days after entry and in default thereof *the decree shall become final.* Rules of the Orphans' Court of the Court of Common Pleas of Allegheny County 13 § 9 and 14 § 1. No exceptions were filed in the instant case. Therefore, under the trial court's local rule, the order appealed from became final ten days after its entry. *Cf. Estate of McGrorey*, 474 Pa. 402, 378 A.2d 855

(1977) (decree of orphans' court became final pursuant to local rule as of course when no exceptions were filed within ten days after its entry); *In re Involuntary Termination of Parental Rights to B.L.*, 316 Pa.Super. 175, 462 A.2d 851 (1983) (under local rule, all orphans' court decrees are final). Thus, we conclude that the appeal is properly before us. *See In Re Estate of Brown*, 446 Pa. 401, 289 A.2d 77 (1972).

■ Though this appeal is properly before us, we find that we are precluded from addressing the merits since appellant failed to file exceptions. *Panko v. Alessi*, 362 Pa.Super. 384, 524 A.2d 930 (1987). We note that it is the intent of our Supreme Court to leave regulations concerning the practice and procedure of orphans' court cases to the local orphans' court division. Pa.O.C.R. 1.2; *Estate of Kotz*, 486 Pa. 444, 406 A.2d 524 (1979). Pa.O.C.R. 7.1 states that exceptions shall be filed as prescribed by local rules. As previously mentioned, the Allegheny County Orphans' Court rules provide ten days after the entry of an order or decree during which exceptions may be filed. Appellant's failure to file exceptions in accordance with those rules constitutes a waiver of the issue presented on appeal. *Estate of McGrorey*, 474 Pa. 402, 378 A.2d 855 (1977); *Estate of Kotz*, 486 Pa. 444, 406 A.2d 524 (1979).

■ However, we have reviewed the record before us and find that even had appellant properly preserved the issue, she would not have been entitled to relief since her claim lacks merit. Appellant asserts that it is unfair to place the burden on her to prove that the conveyance of the Butler County property was fair, conscientious and beyond suspicion. Not only is there no authority for this conclusion, we find that the unfairness would be far greater if we were to place the burden of proving undue influence on Emma since she would be prevented under the dead man's rule from testifying. 42 Pa.C.S. § 5933. We therefore dismiss the appeal and affirm the order of the Orphans' Court.