J-A29045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF HELEN B. REKEN, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SANDRA B. GREGO | : : : : : : | |
| | : | No. 1111 WDA 2019 |

Appeal from the Order Entered April 30, 2019
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s): 32-13-0396

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JANUARY 2, 2020**

This appeal arises from an order of the Court of Common Pleas of Indiana County Orphans' Court (Orphans' Court) disposing of exceptions to an auditor's report regarding the Estate of Helen Reken (the Estate).  The Appellant, Sandra Grego (Grego), was an executrix of the Estate, and the Appellees, Austin Reken, Alan Reken and Kelly Reken, are the Estate's heirs (collectively, the Heirs).  Grego contends that the Orphans' Court erred in finding that the Estate must pay for Austin Reken's loan for the purchase of a new truck, as well as finding the Estate may not assess Alan Reken for financial losses arising from the sale of Estate property.  Because Grego filed this appeal

---

[*] Retired Senior Judge assigned to the Superior Court.

more than 30 days after the entry of the order on review, the appeal must be quashed as untimely.

**I.**

Helen Reken (Decedent) executed her will on July 30, 2013. The Decedent passed away on August 6, 2013. The Decedent's will was admitted to probate on August 29, 2013. In her will, the Decedent appointed Grego as executrix of the Estate, and Grego received a certificate of the letters testamentary on the Estate shortly after the Decedent's death. Due to concerns over Grego's health, the Estate petitioned the Orphans' Court for revocation of Grego's status as executrix on December 24, 2014.

By court order dated January 2, 2015, the letters testamentary granted to Grego were terminated and she was removed as executrix of the Estate. Grego's daughter, Kathleen Murray (Murray), became the administratrix on that same date.

In her capacity as administratrix, on March 10, 2017, Murray filed a First and Final Account (the Account). In pertinent part, the Account included a proposed payment of $2,200 to Austin Reken for a "truck loan payoff" pertaining to a 2006 Chevrolet truck. This amount was intended to satisfy the provision in the Decedent's will bequeathing a "loan payoff of the Chevrolet Truck owned by [her] grandson, Austin Reken."

As to Alan Reken, the Account filed by Murray sought to assess him $27,369.05, which included $20,100 for the "loss of income" from the Estate's

- 2 -

sale of real estate and $7,269.05 as the cost of litigating disputes over that property. This amount would be deducted from Alan Reken's share in the Estate's residue.

The Estate attached to the Account a notice advising all persons claiming an interest that by not objecting to proposed distributions by May 1, 2017, they would "be deemed to have approved the Account[.]"[1] The Heirs, but not Grego, timely filed objections to the Account. These objections included the Heirs' claims that Austin Reken was entitled to $22,000 for the loan payoff of a new 2013 Chevrolet truck, and that Alan Reken was not liable for financial losses stemming from the real estate sale.

An Auditor was appointed to resolve the disputes that the Heirs had timely raised. The Auditor later held a hearing at which the Estate's representatives and the Heirs all testified. In its report, the Auditor found that the Estate owed Austin Reken the sum of $21,840.14 to cover the loan amount for a 2013 Chevrolet truck. *See* Auditor's Report, at 5.

The Auditor relied on the express terms of the Decedent's will, finding them to be unambiguous. *Id*. at 5-6. Nonetheless, the Auditor found that even if the testimony from the hearing on this matter could be considered, such evidence showed that "the Decedent intended to pay off that debt" which

---

[1] The notice of the Account cited Orphans' Court Rule 2.7, which governs objections to accounts of estates.

Austin Reken had incurred for the purchase of the 2013 Chevrolet truck. *Id*. at 7. The Auditor credited the testimony of Austin Reken in making that determination. *Id*.

Next, the Auditor concluded that the Estate could assess Alan Reken for the loss of value on the real estate sale, as well as the associated costs of litigation. It is undisputed that several sales agreements fell through on an Estate property in part because Alan Reken disputed the repair of a gas line leading to that property. *Id*. at 7-10.[2]

Both the Heirs and the Estate filed exceptions to the Auditor's Report. The Estate disputed its obligation to pay Austin Reken's truck loan, and the Heirs disputed Alan Reken's obligation to pay the Estate for costs arising from the real estate sale. The Heirs also requested clarification as to whether the Estate owed Austin Reken the interest accrued on the truck loan from the time of the Decedent's death and the cost of litigating the enforcement of the bequest. Grego, in her individual capacity as an heir of the Estate, filed no exceptions to the Auditor's Report.

On April 30, 2019, the Orphans' Court entered an order upholding the Auditor's finding that the Estate owed Austin Reken $22,100 for a 2013 Chevrolet truck loan, including payments and interests made from the date of

---

[2] The Auditor's Report also resolved whether the Estate owed $2,945.00 to Kelly Reken for housekeeping services and whether Allison Reken owed the Estate $4,635.25 in legal fees, but those issues are not part of this appeal.

the Decedent's death, as well as the cost of enforcing the bequest. The Orphans' Court disagreed, though, with the Auditor's finding that Alan Reken owed the Estate for the costs related to the Estate's real estate sale.

Murray, on behalf of the Estate, timely filed a notice of appeal on May 16, 2019, but then, on June 27, 2019, filed a praecipe to discontinue the appeal at appellate docket number 753 WDA 2019. This Court certified the appeal's discontinuance on July 3, 2019.

Grego, in her individual capacity as an heir of the Estate, filed this appeal on July 18, 2019, seeking review of the April 30, 2019 order.[3] In her brief, Grego asserts two issues for our consideration:

> 1. Did the Court below err in finding that [the] Estate should pay a truck loan of [Austin Reken] which did not exist and was not contemplated by the Decedent when she executed her Will?

> 2. Did the Court below err in failing to find that [Alan Reken's] interference with the sale of Estate real estate was blatant, arbitrary and vexatious, and that [he] should be charged for the resultant loss of value of the real estate and the cost of litigation in which the Estate prevailed?

Appellant's Brief, at 5.

---

[3] The jurisdictional basis of Grego's appeal is that the subject order was final and immediately appealable as an order authorizing or directing distribution from an estate (Pa.R.A.P. 342(a)(1)); an order interpreting a will that forms the basis of a claim against an estate (Pa.R.A.P. 342(a)(3)); and an appeal from a final order of the Orphans' Court determining an interest in real or personal property (Pa.R.A.P. 342(a)(6)). **See** Appellant's Brief, at 1.

The Heirs responded that the Orphans' Court ruled correctly as to both the Estate's obligation to pay for Austin Reken's truck loan and the lack of liability on the part of Alan Reken for the Estate's real estate losses and litigation costs. **See** Appellees' Brief, at 24-33. They argue further that this Court has no jurisdiction to consider the merits of those issues because Grego untimely filed her notice of appeal over 30 days after the subject order was entered on April 30, 2019. **See id**. at 17-23. Relatedly, the Heirs assert that Grego waived any issues pertaining to the Estate's distributions by not timely filing exceptions to the Auditor's Report on her own behalf.

## II.

## A.

Grego had 30 days to appeal the April 30, 2019 order to invoke this Court's appellate jurisdiction. "Pa.R.App.P. 903(a) provides that a notice of appeal must be filed within thirty days of the 'entry' of the order from which the appeal is taken." **Estate of Keefauver**, 518 A.2d 1263, 1264 (Pa. Super. 1986). The "date of entry" of an order is "the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties" and "the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P.

108(a)-(b).[4]  ***See also Commonwealth v. Bey***, 262 A.2d 144, 145 (Pa. 1970) (absent extraordinary circumstances, "timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of our Court and its competency to act.").

The time for filing an appeal from an order "does not begin to run until the clerk notes on the docket that notice of the entry of judgment has been sent to the prospective appellant."  ***Calabrese v. Zeager***, 976 A.2d 1151, 1152 (Pa. Super. 2009).  In the Orphans' Court, the clerk must send the order either to a party's attorney of record or directly to each party if they are *pro se*.  ***See*** Pa.O.C. Rule 4.6(a).  The clerk must then note in the docket the date on which notice was given to the party or a party's counsel.  ***See id***. at Rule 4.6(b).

An "attorney of record" is defined as "an attorney at law who is entered on the docket or record of a court as appearing for or representing a party in a legal proceeding."  Pa.R.C.P. No. 76.  In order to withdraw as counsel of record, an attorney must praecipe the court.  ***See*** Pa.R.C.P. No. 1012(b); ***Rose v. Farmer's Fire Ins. Co.,*** No. 2683 EDA 2016, at *3 (Pa. Super. July 21, 2017) (unpublished memorandum) ("Reading Rule 236 together with Rule 1012, it is evident that Rule 236 directs the prothonotary to forward notice of

---

[4] Pa.R.Civ.P. 236(b) requires the prothonotary to "note in the docket the giving of the notice[.]"

the entry of an order to an attorney of record, unless that attorney has withdrawn his appearance with leave of court or has withdrawn under circumstances that do not require court permission.").

"[A]n attorney remains of record until an order of court allows the attorney's withdrawal or another attorney simultaneously enters an appearance when the original attorney withdraws." ***Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia***, 655 A.2d 666, 668 (Pa. Cmwlth. 1995); ***see also*** Pa.O.C. Rule 1.7(b) (prohibiting withdrawal of counsel without leave of court unless another attorney represents or will immediately represent the party upon withdrawal).

**B.**

For the purposes of starting the 30-day jurisdictional clock for filing a notice of appeal in this case, the critical date is the day on which the prothonotary entered on the Orphans' Court docket that Grego received notice of the subject order. The Orphans' Court docket bears an entry showing that on April 30, 2019, attorney David Serene (Serene) was mailed notice of the Orphans' Court order. Serene had first appeared as Grego's attorney of record in 2013 and never notified the Orphans' Court of his withdrawal from representation.

Accordingly, the docket entry of April 30, 2019, showing that Serene was mailed a copy of the subject order started the 30-day filing window for Grego's notice of appeal. Grego's notice of appeal was untimely filed more

than 30 days later on July 18, 2019,[5] and the untimeliness of the appeal deprives this Court of jurisdiction to consider the merits of the issues raised in Grego's brief. This appeal must be quashed as untimely.

Even if Grego had properly invoked this Court's jurisdiction with a timely notice of appeal, she would still not be entitled to relief because her claims were waived. The Estate informed Grego and all of the Decedent's other potential heirs that they would have to preserve any dispute of the distributions proposed in the Account by filing objections. Grego, in her individual capacity, did not file any objections to the Account. Later, after the Auditor's Report was submitted and sent to Grego, she did not file exceptions as the Heirs did. Grego never objected to the above procedures governing the Account and Auditor's Report.

As a result, the Orphans' Court only reviewed exceptions filed by the Heirs in this case and Grego's claim were waived. **See Estate of McGrorey**, 378 A.2d 855, 857 (Pa. 1977) ("Having failed to file exceptions, as permitted by local rule, the issues here presented by appellant are deemed waived and

---

[5] Moreover, the docket shows that Grego was sent a copy of that order on June 11, 2019, because it was attached to the 1925(a) opinion for Murray's separate appeal at 753 WDA 2019. The Orphans' Court docket bears an entry on that date which reads, "Opinion & Order – OC." The entry describes the filing as a "Rule 1925(a) Opinion" that was sent by certified mail to both David Serene and Grego. This 1925(a) Opinion expressly "adopts its attached Opinion and Order of April 30, 2019[.]" The certified record establishes that the subject order was, in fact, attached to the opinion.

may not be argued on appeal."); ***Knisely v. Knisely***, 441 A.2d 438, 439 (Pa. Super. 1982) ("The record in this instance reveals that Appellant failed to file exceptions. Such failure requires us to affirm the decision of the lower court inasmuch as Appellant has waived all issues not raised in exceptions.").[6]

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020

---

[6] Grego argues that since she seeks review of an order that is immediately appealable under Pa.R.A.P. 342, she did not need to file exceptions. However, the ability to immediately appeal an order as of right does not allow Grego to raise new issues for the first time on appeal. Rather, the claims that Grego now assert had to be preserved in the Orphans' Court in order for them to be entertained by this Court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").